MARGARET H. GILLIS *vs.* EDWARD H. SPACE, sole Trustee of School District No. 4, in the town of Salamanca.

63b 177
42ap377
63b 177
46ap199
63b 177
49ad148
49ad149

A contract, made by the sole trustee of a school district, with an individual to teach in a common school in said district, for a period extending beyond the trustee's term of office, is valid, and binding upon his successor in office.

The law imposes upon a party subject to injury from a breach of contract by another, the active duty of making reasonable exertions to render the injury as light as possible. And if the injured party, through negligence or willfulness, allows the damages to be unnecessarily enhanced, the increased loss justly falls on him.

Where a contract was made, by the trustee of a school district, with the plaintiff, by which the latter was engaged to teach in the principal department of a common school in said district, for the term of one year, and such contract was broken by the trustee, by his refusal to permit the plaintiff to enter upon or perform her duties as teacher ; it was *held* that the violation of the contract, by such trustee, and the plaintiff's offer specifically to perform, *prima facie* entitled the latter to recover the contract price, and cast upon the defendant the burden of proving that by reasonable exertion the plaintiff could have obtained other like employment in the vicinity of the place where the contract entered into was to be performed.

*Held, also,* that it was the duty of the plaintiff to make a reasonable exertion to secure another school, and not remain idle for a whole year, awaiting a call from other districts. But that, to make a case for mitigating damages, the defendant was required to prove that, by making such efforts, employment could have been secured, by the plaintiff.

In an action upon such a contract, brought to recover the wages therein agreed to be paid to the plaintiff, the defendant proved that, in general, the schools in the town and neighborhood were not taken, on the day when the defendant refused to allow the plaintiff to enter upon her employment; also

Gillis *v.* Space.

the compensation which was usually paid for teaching the common schools in the several districts of said town; and asked the court to submit to the jury, as a question of fact, in mitigation of damages, whether the plaintiff could not have obtained, by the use of due diligence, other employment of the same general nature, and in the same vicinity. *Held* that the court properly refused to submit the question to the jury, upon that evidence.

*Held, also,* that in such action, the defendant should have been allowed to prove, in justification of his official act, and in bar of a recovery, that the plaintiff was incompetent to teach the school; notwithstanding she had procured from the proper district school commissioner a certificate of her qualifications to teach.

Such a certificate is not *conclusive* evidence of qualification, when that question arises between trustees and teacher. It is *prima facie* evidence, only; and the presumption raised by it may be rebutted by direct evidence tending to show that the holder lacks all or any of the requisite qualifications.

The trustee of a school district has no power to contract for the services of an unlicensed teacher, and bind the district. But if he should make it a condition of hiring that the teacher should procure a certificate before entering upon the duties of teaching, such contract would be valid; for then the services of a licensed teacher would be bargained for. *Per* BARKER, J.

THIS is an appeal from a judgment entered on the verdict of a jury, in favor of the plaintiff. The action was tried at the Cattaraugus county circuit, before the Hon. GEO. D. LAMONT.

By the bill of exceptions, it is disclosed, that one Albert Hosley was sole trustee of the said school district, and that his term of office expired on the 11th day of October, 1870, and on that day the defendant was elected his successor in office, and has held the office ever since. That on the 29th day of September, 1870, the said Hosley, as such trustee, entered into a written agreement with the plaintiff, whereby she was engaged to teach the principal department of the school in such district, for the term of one year, commencing on the 17th day of October then following. That at the time of entering into said written agreement the plaintiff had no license as a teacher, as required by the statute regulating the granting of licenses to teachers; and that the said Hosley was so advised. And it was agreed between the plaintiff and Hosley that

Gillis *v.* Space.

she should procure a certificate before the commencement of the school. It does not appear whether this condition was embraced in the written contract or not. That on the 12th of October, 1870, the plaintiff procured, from the district commissioner, the usual and customary certificate of qualifications of the second grade.

On the 17th of October, 1870, the plaintiff presented herself at the school-house door, and offered to the defendant to enter upon her said contract to teach such school, and the defendant refused to permit her to teach said school, and gave her a written notice of such refusal, on the same day, stating in such notice his grounds of refusal, in these words: "I do not recognize your contract with Mr. Hosley as valid against the district." The plaintiff gave notice of her readiness to teach the school, and that she would remain in readiness to teach for a year, and did for the whole of said year hold herself in readiness to teach such school. That the said school was a common and not a graded school. For convenience it was divided into four departments, with a principal teacher and four assistants.

The plaintiff having made this proof, she rested her case. The defendant asked the court to hold and decide as matter of law, that the contract with Hosley, his predecessor in office, was void for the reason that the plaintiff was not at that time a qualified teacher, and he had no legal right to contract with her as a teacher. The court declined so to hold and decide, and the defendant excepted to such ruling.

The defendant moved for a nonsuit on the ground that Hosley had not power to make a contract of this nature, to extend beyond his term office, and the same was not binding on his successor in office. Motion denied, and the defendant excepted.

The defendant, to prove and maintain his defense, offered to prove that the plaintiff's education was inadequate to enable her to teach the first department of said

school; the plaintiff's counsel objected to such evidence, as incompetent and immaterial, and more specifically upon the ground that while the certificate remained in full force it was *conclusive* evidence of her legal qualifications to teach, as principal, the said school. The court sustained the objection, and the defendant excepted.

The defendant then proved "that, in general, the schools in the town of Salamanca, and adjoining towns, were not taken on the 17th day of October aforesaid, and also the compensation which was usually paid for teaching said schools in the several districts aforesaid, and then rested;" and asked to submit to the jury, as a question of fact, in mitigation of the plaintiff's damages, whether the plaintiff could not have obtained, by the use of due diligence, other employment of the same general nature, and in the same vicinity. The court refused to submit the case to the jury, and the defendant excepted.

The court ordered a verdict in favor of the plaintiff for the sum of $480, the contract price for the whole year; and the defendant excepted to such ruling.

*S. S. Spring*, for the appellant.

*David H. Bolles*, for the respondent.

*By the Court*, BARKER, J. The contract entered into between Hosley and the plaintiff is binding upon the defendant, as the successor of Hosley. They each represent the same principal, and the act of the former was within the power and authority vested in him, "to contract with and employ all teachers in the district school or schools." (*Laws of* 1864, *ch.* 555, § 48, *subd.* 9.) There is not any limit, in terms, placed on the exercise of this power. It is also manifest, that to limit the right to employ a teacher, for a time not beyond the incumbent's term of office, would lead, at times, to great embarrassments, and deprive

Gillis *v.* Space.

. the district of the opportunity to receive the services of desirable teachers. An indiscreet or corrupt officer may impose on the district, it is true. The inhabitants of the district and patrons of the school must confide this power somewhere, and their protection is in selecting competent and honorable officers.

The precise question has been adjudicated, and decided in favor of the power being vested in the trustee. (*Silver* v. *Cummings*, 7 *Wend.* 181. *Williams* v. *Keech*, 4 *Hill*, 168.)

Upon the question of damages, as presented by the defendant, in requesting the court to submit it to the jury, whether the plaintiff could not have obtained, by the exercise of due diligence, other employment of the same general character, in the same locality, the following rule, as stated in *Hamilton* v. *McPherson*, (28 *N. Y.* 72,) is justly applicable to cases of this nature: "The law, for wise reasons, imposes upon a party subject to injury from a breach of contract, *the active duty of making reasonable exertions* to render the injury as light as possible." "Public interest and sound morality accord with the law in demanding this; and if the injured party, through negligence or willfulness, allows the damages to be unnecessarily enhanced, the increased loss justly falls on him." The duty thus imposed on a party subjected to a loss, by the default of another, utterly repudiates and condemns the fallacious proposition, argued by the learned counsel for the plaintiff, that the plaintiff was not required to make any effort to secure employment, as a teacher, during the year of her engagement; but was only required to accept offers to teach made by those seeking her services. The violation of the contract by the defendant, and the plaintiff's offer specifically to perform, *prima facie*, entitled the plaintiff to recover the contract price; and cast the burden of proof on the defendant, to show that, by reasonable exertion on her part, she could have obtained other like employment, in the vicinity of the place where

she was to perform the contract entered into. This much can be deduced from the case of *Costigan* v. *Mohawk and Hudson R. R. Co.*, (2 *Denio*, 609,) and nothing more, when compared with the many other previously adjudged cases, involving the same and kindred propositions. (*Costigan* v. *The M. and H. R. R. Co.*, *supra*. *Shannon* v. *Comstock*, 21 *Wend.* 457. *Heckscher* v. *McCrea*, 24 *id.* 304.) It was the duty of the plaintiff to have made a reasonable exertion to secure another school, and not remain idle for a whole year, with folded arms, awaiting a call from other districts. To make a case for mitigating damages, the defendant was required to prove that by making such efforts employment by the plaintiff could be secured.

In my opinion the evidence produced, by the defendant, on this point, as set forth in the bill of exceptions, was not of the character and strength, to entitle the defendant to the opinion of the jury thereon. The substance of the statement is, that some of the schools in Salamanca and adjacent towns were not taken on the day the plaintiff was to enter upon the performance of the contract in question. The number of schools in these towns, wanting teachers, is not stated; nor how long the vacancies remained; or that the plaintiff knew, or had reason to believe, that such opportunity to engage her services as teacher existed. The court may take judicial notice of the territorial extent of these towns, but beyond that, proof must be adduced, upon which to base and guide the judgment of the court and jury. In many of the avocations of life, a year's idleness would alone be sufficient evidence, that a person having control of his own time, had not used reasonable diligence to secure employment in his trade or calling. But teaching is a profession. In the country it is well known, that the winter schools are usually taken as early as the middle of October, or very soon thereafter. The summer schools are very often entirely primary, and are perhaps such as an experienced and tal-

ented woman teacher, would not be required to accept and superintend, for the purpose of diminishing the damages of a party violating his contract.

The offer of the defendant to prove, in justification of his official act, and in bar of a recovery, that the plaintiff was incompetent to teach the school, was improperly overruled by the learned judge at the circuit. The claim made, that the certificate of qualification was conclusive in her favor, is most decidedly erroneous. If she was in fact disqualified, then she could not perform her contract and discharge the delicate and important duties she had promised. Nor was the defendant required to allow her to make the experiment and prove, publicly, her unfitness. A school teacher is, in a certain sense, a servant to the employer, and not an officer, of which the certificate granted by the commissioner is evidence of his right and qualification. The certificate is a sort of permit, that trustees of school districts may employ the holder to teach in the public schools. Without such certificate they have no right to engage a person as teacher. With a person holding such certificate, they may make a valid contract binding on the district. There is nothing in *Finch* v. *Cleveland* (10 *Barb.* 290) holding to the contrary. (*Laws of 1864, ch.* 555, *title* 2, § 13, *subd.* 5.) By the provisions of another section, (title 1, section 15,) the State superintendent may grant certificates, and it is provided that such certificate shall be conclusive evidence that the person to whom it is granted is qualified, by his moral character, learning and ability, to teach any common school in the State. No such effect is given in terms to the certificate issued by a district commissioner. It is the uniform practice of the Department of Public Instruction, to hold that the certificate is not conclusive evidence of qualification, whenever that question is up, between the trustees and the teachers. The rulings of the department are collected and published in the *Code of Public Instructions, pp.* 393–403, *ed.*

*of* 1868. These decisions are not strictly judicial, and binding on the courts as authority, but they are the opinions of high and intelligent officials, charged with the duty of administering an important department of the government. We concur in the comments of one of those officers, that "the license which the teacher holds from the proper officer is *prima facie* evidence, only, that the applicant possesses these requisites, but it is not conclusive; the presumption raised by it may be rebutted by direct evidence, tending to show that the holder of such license lacks any or all of these qualifications."

The trustee of a school district has no power to contract for the services of an unlicensed teacher, and bind the district. If he should make it a condition of hiring, that the teacher should procure a certificate before entering upon the duties of teaching, such contract would doubtless be valid, for then the services of a licensed teacher are bargained for. (*See title* 2, § 13, *subds.* 5, 6; *title* 7, *art.* 6, § 48, *subds.* 9, 10; *Laws of* 1864, *ch.* 555; *Code of Public Instructions, p.* 140, *ed.* 1868.)

The bill of exceptions does not state whether the promise of the plaintiff to procure a certificate was a part of the written contract, or not. If it was not, the plaintiff cannot recover.

New trial granted; costs to abide the event.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 4, 1872. *Johnson, Talcott* and *Barker,* Justices.]