JOHN HOWSON, Respondent, *against* WILLIAM A. MES-
TAYER, Appellant.

(Decided December 7th, 1886.)

In an action for damages for breach of a contract for personal services
in dismissing plaintiff before the end of the term for which he was
employed, the defendant is not entitled to a judgment in his favor on
plaintiff's admission that he made no effort to obtain other employment.
The burden is on defendant to prove both that plaintiff could have pro-
cured other employment and the amount that he could have received
therefor.

APPEAL from a judgment of the General Term of the
City Court of New York affirming a judgment of that court
entered upon a verdict for plaintiff and an order denying
a motion for new trial.

The action was brought to recover damages for breach of
a contract for the personal services of plaintiff as an actor
for six weeks at the agreed rate of $200 per week, plaintiff
having been discharged at the end of the third week. The
discharge occurred in the summer time, when there were
but three reputable theatres open in New York City, and in
them there were no vacancies known to plaintiff.

The single point relied upon by defendant was that, as
plaintiff admitted that he made no efforts to secure employ-
ment or to reduce the damages, his complaint should have
been dismissed, or the jury should have been instructed to
find for defendant in case they should find that plaintiff
made no efforts to get other employment.

The jury found a verdict for plaintiff. A motion by de-
fendant for a new trial was denied, and judgment for plain-
tiff entered on the verdict. From the judgment and the
order denying his motion for a new trial, defendant appealed
to the General Term of the City Court, which affirmed the
judgment and order; and from the judgment entered upon
this decision defendant appealed to this court.

*A. J. Dittenhoefer*, for appellant.

*Howe & Hummell*, for respondent.

VAN HOESEN, J. — The defendant is mistaken in supposing that he was entitled to a judgment in his favor because the plaintiff admitted that after he was discharged he made no effort to obtain other employment.  The only consequence of the plaintiff's neglect to look for another situation was that the defendant was entitled to deduct from the plaintiff's claim whatever sum the plaintiff could have earned if he had taken the employment that he could have obtained.  There was no presumption that the plaintiff, even if he had secured an engagement at another theatre, could have earned $200 a week, and there is no evidence to warrant the conclusion that he could have completely protected the defendant against all damages if such an engagement had been found.  The defendant virtually assumes that, in order to recover at all, it was necessary for the plaintiff to prove that after his discharge he had sought other employment.  This is an error.  An effort to obtain another engagement was not a condition precedent to the plaintiff's right to recover damages for a wrongful discharge. Though it is always the duty of a person who has sustained an injury to make reasonable efforts to avoid swelling the damages, he is not bound to prove, as part of his cause of action, the steps he has taken to minimize the damages. The burden is on the defendant to show that through the plaintiff's neglect the damages have been unnecessarily increased.  When proof of that fact is made, the loss resulting from that neglect falls where it ought to fall — upon the plaintiff.  In this case, if he wished to show that it was in the plaintiff's power to have saved himself from the loss for which he seeks compensation, the defendant was bound to satisfy the jury that the plaintiff could have obtained an engagement at another theatre, on terms as favorable as those contained in the contract that was broken. If the defendant had shown that, the damages to which the

Howson *v.* Mestayer.

plaintiff would have been entitled would have been nominal. If the evidence showed that the plaintiff could have obtained a suitable engagement at a smaller salary than the defendant had agreed to pay, the difference between the two amounts would have been a fair measure of damages. But it was, as I have said, the duty of the defendant to prove to what extent the plaintiff's damages ought to be reduced. *Prima facie*, the stipulated salary was the amount of the plaintiff's damages, but it was the right of the defendant to show that it was the fault of the plaintiff that his damage was so large. But the defendant did not prove that the plaintiff could have obtained employment at another theatre, nor did he present any testimony from which a jury could calculate how much the plaintiff could have earned if he had succeeded in getting an engagement, at that season of the year, at Daly's, at the Casino, or at the Bijou Opera House. It appears that those three theatres were open, but that the companies were all full, and that no vacancies were known to exist. The plaintiff said that perhaps he might have got an engagement if some actor at one of the other theatres had been displaced, but that professional courtesy would have made him unwilling to procure the discharge of a fellow actor in order that he might get his place. This feeling is creditable to the plaintiff; for it is no more the duty of an actor to supplant another than it is the duty of a physician or a lawyer to get away the patients or the clients of his professional brother. But it is upon this declaration of the plaintiff, that he thought he might have succeeded in getting some other actor discharged, and in slipping into the vacancy, that the court is asked to decide that the plaintiff is himself solely responsible for the loss that he has sustained. It is a sufficient answer to say that the plaintiff's conjecture as to the possibility of his stepping into some other comedian's shoes does not amount to proof that he could have obtained an engagement elsewhere. If he had made an attempt to displace another actor, he might have found that his own estimate of his value as a comedian differed widely from the judg-

ment of the manager of the theatre. The plaintiff had already said, " There were no other places for me to perform at; the companies were all full; there was not any vacancy in any of those companies that I know of." It would be absurd, in view of this state of facts, to throw out of consideration everything but the plaintiff's guess as to the possible result of an effort on his part to get another actor's place.

The case in the books that most resembles this, is that of *Gillis* v. *Space* (63 Barb. 177). The plaintiff in that case was a school-teacher, who was wrongfully discharged. The defendant proved, in mitigation of damages, that, when the plaintiff was discharged, many of the schools in Salamanca were not taken, and also what compensation was usually paid for teaching in schools in that neighborhood. The court did not deem that testimony sufficient to go to the jury, and held that it did not tend to prove that " the plaintiff could have got other employment of the same general nature, in the same vicinity." The General Term affirmed the judgment, saying that there was no proof as to the number of schools that were vacant, or as to how long the vacancies remained, or as to the plaintiff's knowledge that the vacancies existed, or that the vacancies were such as the plaintiff should have filled. If the testimony in that case were too slight to go to the jury, what must be said of the testimony in the case before us? Here, it is shown that the plaintiff was discharged in the middle of the summer, when only three theatres were open in New York, and when the companies were all full, and regularly performing. Surely, there is not a scintilla of proof that the plaintiff could have obtained another engagement, nor is there any basis for a mitigation of damages.

The judgment and order appealed from should be affirmed, with costs.

LARREMORE, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed, with costs.