### WOOLSEY et al. v. FINKE.

*(Supreme Court, General Term, Second Department.  June 25, 1888.)*

1  SHIPPING—CHARTERING STEAMER—RESCISSION OF CONTRACT.
   Plaintiffs chartered a steam-boat to defendant, who was to furnish the water, and agreed to run the boat according to a certain time-table. Defendant promised to fill the tank in ten minutes from his own water supply by a two-inch pipe. Plaintiff then made the boat pipes two and one-half inches. The pressure of defendant's water supply not being as great as he represented, the boat was so delayed in taking on water that she could not keep to her time-table. *Held*, that the delay was caused by defendant's fault, and he was not entitled to rescind the contract.

2. SAME—ABANDONMENT OF CONTRACT BY HIRER—DUTY OF OWNER—DAMAGES.
   Use by the owner of a steam-boat which had been chartered for a certain length of time, after abandonment of the contract by the hirer, does not preclude the owner's recovery for the breach; such use being proper to prevent accrual of damages.

Action by David C. Woolsey and others, owners of a steamer, against Hugo Finke, for damages for the rescission of a contract by defendant, chartering the steamer for a certain length of time. Judgment for plaintiffs, and defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

BARNARD, P. J.   The plaintiffs chartered a steamer to the defendant under an agreement to make six round trips a day between New York and College Point. These trips were subsequently reduced to five, and the steamer made trips as required, with more or less regularity as to the exact time required by the defendant. The time the charter was to run was between the dates of May 21 and October 10, 1887. On the 31st of July, 1887, the defendant terminated the contract. The plaintiffs aver that they performed the contract, and the defendant claims to be legally entitled to discharge the steamer for a failure upon the part of its owners to carry out the agreement. The question presented depends upon a clause in the contract which is in these words: "The parties of the first part [plaintiffs] further agree to furnish said vessel, at their own expense, with a sufficient crew of not less than fifteen hands, and all supplies required by said vessel during the term aforesaid, except water; the cost of which water, and all wharfage incurred by said vessel during the term aforesaid, the party of the second part agrees to pay." Proof was given tending to show a failure to keep to the time-tables; and, in reply to this, the plaintiffs gave excuses to the effect that the vessel took in water at College Point; that the supply pipe was too small to fill the tank in less than from 30 to 35 minutes for short trips, and about and over three-quarters of an hour upon the long trips. It was stated, preliminary to the making of the contract by defendant, that the pressure on defendant's water-pipes was so great that the tanks could be filled in 10 minutes, and the time-table was made upon this basis. The defendant promised to continue the water to the dock. And, in arriving at the intent of the contract, the surrounding circumstances must be considered. The defendant was to pay for water, and make a pipe from his own supply, by a two-inch pipe, to a place where the vessel could receive it. The vessel made its pipes two and one-half inches, and could easily receive all which came through the plaintiffs' pipe. Under this state of facts a failure to keep the exact time-table on account of a failure to get the water in time was not a breach of contract by the plaintiffs, and gave defendant no right to rescind the contract.

After the plaintiffs were discharged, and as soon as with great diligence they could, they used the boat in other business, and earned with her a considerable sum of money, which is credited upon the damages. The defendant claims that the plaintiffs were bound to keep her idle, and always at defendant's command. This is not the rule. A party is both honorably and legally bound to exert himself so as to save the offending party from loss on account

of the breach of contract. *Gillis* v. *Space*, 63 Barb. 177; *Humaston* v. *Beekman*, 20 Wkly. Dig. 238. The rule which requires a party to give attention to the subject of a broken contract so as to lessen the loss will allow the value of the same upon the amount saved, (*Farwell* v. *Davis*, 66 Barb. 73;) otherwise an injured party is further injured by the fault of the defendant. The judgment should therefore be affirmed, with costs.

PRATT, J., concurs.