## Seltzer, Appellant, *v.* Reading.

Argued November 10, 1942.

 Before Keller, P. J., Cunningham, Bald-
rige, Stadtfeld, Rhodes, Hirt and Kenworthey, JJ.

*Darlington Hoopes,* for appellant.

*John P. Wanner,* City Solicitor, for appellee.

Opinion by Hirt, J., January 28, 1943:

Plaintiff, having attained civil service status, was permanently employed as a fire alarm operator in the Bureau of Electricity in the City of Reading by resolution of council, effective June 1, 1938 at a yearly salary of $1560. He was dismissed on September 4, 1940 but, before the question of the propriety of his removal was determined by the Civil Service Commission, the city council on October 30, 1940 rescinded its prior resolution of dismissal. The city however continued to bar plaintiff from performing any of the duties of his employment and immediately preferred charges against him. After hearing, the Civil Service Commission determined that the charges were unfounded and ordered his reinstatement on June 19, 1941. Plaintiff then brought this action to recover full pay for the period, amounting to $1235. He admits that while excluded from his employment with the city he earned $402.72 for services performed elsewhere. The lower court directed a verdict for plaintiff for the full amount of his back pay with interest, less the amount of his earnings in other employment during the period. Plaintiff in this appeal questions the city's right of set-off.

We are not in disagreement with the principle of

cases in other States relied on by plaintiff (of which *Fitzsimmons v. City of Brooklyn,* 102 N. Y. 536, 7 N. E. 787 is typical) holding that a *public officer,* unlawfully removed, is entitled to his full salary without deduction of the amount of wages earned in other employment during the period. The relation between a public officer and a municipality is not one of contract. Salary is payable to him not as a contractual obligation but as an incident of his office as long as he holds it. This is the settled law in this State: "Services rendered by public officers do not ...... partake of the nature of contracts, nor have the remotest affinity thereto." *Com. v. Bacon,* 6 S. & R. 322; *Koontz v. Franklin County,* 76 Pa. 154.

Plaintiff overlooks the fact that as 'a fire alarm operator,' he was but an *employee,* and not an officer of the municipality exercising public functions. Cf. *Com. v. Black,* 201 Pa. 433, 50 A. 1008. His acceptance of appointment to that service, therefore, resulted in a contract of employment, nontheless so because restricted in its terms by the Act of May 31, 1933, P. L. 1108, placing fire alarm operators under civil service and limiting the right of their removal. And in general, it has always been the law that when a contract of hiring has been violated and one has been unlawfully discharged from employment, his earnings elsewhere during the period are to be set off against his recovery. *Emery v. Steckel,* 126 Pa. 171, 17 A. 601.

Plaintiff seeks to avoid the application of this settled rule by the language of §10 of the above 1933 Act, 53 PS 8480(h) which provides that such employee "shall be reinstated *with full pay* for the entire period during which he may have been prevented from performing his usual employment ......" (Italics added.)

"The general design and purpose of the law is to be kept in view" and the statute should be construed with reference to the object it seeks to attain. *Kane v.*

*Policemen's Fund et al.*, 336 Pa. 540, 9 A. 2d 739; Statutory Construction Act of May 28, 1937, P. L. 1019, §51, 46 PS 551. The Act of 1933 was intended to provide security to an employee who had achieved civil service status, in the tenure of his service and to prevent loss in income when unlawfully discharged. That is all that is implied in the provision for reinstatement "with full pay." In *Steiner v. Reading*, 341 Pa. 164, 19 A. 2d 283, the Supreme Court in ordering the reinstatement of a sanitary inspector, unlawfully removed, directed that he be reimbursed for salary withheld "less sums received by him meanwhile in any other occupation." True, the decision in the Steiner case involved a construction of the civil service section of the Third Class City Law, Act of June 23, 1931, P. L. 932, 53 PS 12198-4401 et seq., but the order was made directing a set-off, in the light of the language of §10 of the Act of 1933, supra, applicable to classes of employees with no higher status than a sanitary inspector.

To avoid the application of the holding in the Steiner case to the present appeal, appellant refers to the later case of *Schearer v. City of Reading*, 346 Pa. 27, 28 A. 2d 790, where a Chief of Police was restored to his office with *full* pay. It is contended that the question of set-off was involved in that appeal but was not argued. After the opinion of the Supreme Court in that case was handed down, a petition for a reargument directed to that question was refused. The refusal of reargument does not nullify the principle invoked in the order in the Steiner case. Steiner was an employee, a subordinate ministerial agent, merely. Schearer was Chief of Police, referred to in the Act of 1931, supra, 53 PS 12198-2002 as an *'officer.'* See *Finley v. McNair*, 317 Pa. 278, 176 A. 10; *Hetkowski v. Dickson City Sch. Dist.*, 141 Pa. Superior Ct. 526, 15 A. 2d 470. Reargument may have been refused on that ground or for other valid reasons; the record in

the Schearer case is not before us. The refusal is no indication that the Supreme Court intended to withdraw from the general rule that an employee in recovering past wages not actually earned must allow a credit for what he has received from other employers during the period. The Supreme Court, repeatedly, has recognized the general rule, recently in *Maloney v. Stahlnecker*, 341 Pa. 517, 19 A. 2d 162 where it is said: "While the Board could, and probably should, have heard testimony as to the funds available for such reimbursement, *as well as to the earnings, if any, of the employee during the period of his unemployment and other relevant and pertinent matters* which might properly move or influence its judicial discretion, and made findings accordingly, the record so far as these appellants are concerned, whose dismissal was without any legal justification whatsoever, is utterly devoid of any facts, or inferences properly deducible therefrom, which could possibly warrant a denial of reimbursement to them for loss of salary."

Our conclusion is that the civil service act of 1933, supra, did not change the rule. The legislature did not intend to give a special preference to 'fire alarm operators' over other like servants of the city. *Statutory Construction Act*, supra, §62, 46 PS 562. Statutes are "to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence." 59 C.J., p. 1038; *Com. v. Bacon*, 8 S. & R. 135.

Judgment affirmed.