Coble, Appellant, *v.* Metal Township School
District.

Argued March 14, 1955. Before RHODES, P. J., HIRT,
ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*George S. Black,* for appellant.

*Edwin D. Strite, Jr.,* with him *William C. Hazlett,* for appellee.

OPINION BY RHODES, P. J., July 21, 1955:

The single question on this appeal is whether, under the Teachers' Tenure Act of April 6, 1937, P. L. 213, §2, and June 20, 1939, P. L. 482, §2, amending section 1205 of the Act of May 18, 1911, P. L. 309 (see 24 PS §1126, and Public School Code of 1949, 24 PS §11—1130), the earnings of a teacher who has been wrongfully dismissed by the school board are to be set off against his claim for salary for the period of dismissal.

The facts are not in dispute; they are admitted in the pleadings or stipulated by counsel in the court below. Appellant held a valid teaching contract with the defendant school district entitling him to an annual compensation of $2,000 for the school year commencing 1946, and $2,150 for the succeeding school year beginning 1947. On July 23, 1946, the Board of Directors of the School District of Metal Township, Franklin County, preferred charges against appellant as cause for termination of his teaching contract. Hearings were held and the board notified appellant of termination of his contract on August 13, 1946.

Appellant appealed to the Superintendent of Public Instruction who sustained the board. From there an appeal was taken to the Court of Common Pleas of Franklin County, which, on August 26, 1947, reversed the action of the Superintendent of Public Instruction and ordered appellant reinstated as a professional employe of the defendant school district. Appellant was not paid any of the salary to which he was entitled during the period of his wrongful discharge from August 13, 1946, to October 25, 1947. Appellant instituted the present action to recover, with interest, the amount of salary he would have received under his contract from August 13, 1946, the date of his dismissal, to October 25, 1947, the effective date of his resignation. The unpaid salary amounted to $2,408.23. At the trial it was stipulated that appellant was employed elsewhere as a teacher during the period in question at a salary higher than that provided in the contract with defendant school district. The trial court held that appellant was not entitled to anything except nominal damages, as the loss of compensation by reason of the breach of the contract was the only damages alleged. The jury, as directed, returned a verdict for nominal damages of $1 in favor of plaintiff. Appellant's motion for a new trial was refused, and judgment was entered on the verdict. This appeal followed.

Appellant's position is that under the Teachers' Tenure Act, having been wrongfully discharged, he was entitled to his full salary, without any set-off or diminution for amounts earned elsewhere. Reliance is placed upon the italicized portion of section 1205, subsection (i), of the Act of May 18, 1911, P. L. 309, as amended by the Acts of April 6, 1937, P. L. 213, §2, and June 20, 1939, P. L. 482, §2, which provides: "In all cases where the final decision is in favor of the professional employe, the charges made shall be physically

expunged from the records of the board of school directors (or the board of public education), *and in all such cases, there shall be no abatement of salary or compensation,* but a complete official transcript of the records of the hearing shall be delivered to the one against whom the charges were made." (Italics supplied.)

A school teacher is not a public officer (Teachers' Tenure Act Cases, 329 Pa. 213, 230, 197 A. 344), but is an employe of the school district, and the ordinary rules relating to damages for breach of contract of employment apply. The purpose of the Tenure Act is to provide the greatest educational opportunities for the children of this Commonwealth by maintaining an adequate and competent teaching staff free from political or arbitrary interference, and by providing security for teachers in their employment. *Jacobs v. Wilkes-Barre Township School District,* 355 Pa. 449, 454, 50 A. 2d 354.

Recognizing this objective, the Tenure Act prevents dismissal of capable and competent professional employes without just cause and without a fair hearing before dismissal. *Swick v. Tarentum Borough School District,* 141 Pa. Superior Ct. 246, 250, 251, 14 A. 2d 898. Where a teacher is wrongfully discharged, he is to be compensated for loss of salary during such period, but there is no requirement that the school district pay the compensation provided in the contract regardless of set-off or the amount of damages the employe has suffered.

To a marked extent the purposes of the Tenure Act are effected where the employe is reimbursed as in any other contract of employment. In the opinion of the court below, President Judge WINGERD has well said: "To set off or credit, against the salary owing to an improperly dismissed teacher, compensation

earned by the teacher from other employers during the period of such improper dismissal does not in any way abate the salary or compensation to which he is entitled under his contract for he receives that salary or compensation, either wholly from the school district or wholly or partly from others. He is in exactly the same position, so far as compensation is concerned, as if he had not been improperly dismissed. Improper dismissal is a breach of contract for which the employee may recover damages. Damages are the loss suffered by one person by reason of the breach of contract on the part of another and if the school teacher receives the same compensation for his work during the period of improper dismissal as he would have received if he had continued in the position from which he was improperly dismissed, he has suffered no damages except such as may arise from matters involving other elements than loss of salary."

The present appeal is ruled by principles set forth in *Seltzer v. Reading,* 151 Pa. Superior Ct. 226, 30 A. 2d 177. In that case we held that a fire alarm operator, reinstated after unlawful dismissal, in recovering past wages not actually earned, must allow a credit for what he received from other employers during the period of wrongful dismissal. The applicable statute was the Civil Service Law of May 31, 1933, P. L. 1108, which provided that such municipal employe "shall be reinstated *with full pay* for the entire period during which he may have been prevented from performing his usual employment . . ." (Italics supplied.) Seltzer contended, as does appellant here, that the rule pertaining to "public officers" applied, and that he was entitled to full salary without any diminution. The following statements in the *Seltzer* case are equally applicable here (pages 227, 228 of 151 Pa. Superior Ct., page 178 of 30 A. 2d) :

"We are not in disagreement with the principle of cases in other States relied on by plaintiff (of which Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N.E. 787 is typical) holding that a *public officer*, unlawfully removed, is entitled to his full salary without deduction of the amount of wages earned in other employment during the period. The relation between a public officer and a municipality is not one of contract. Salary is payable to him not as a contractual obligation but as an incident of his office as long as he holds it. This is the settled law in this State: 'Services rendered by public officers do not . . . partake of the nature of contracts, nor have the remotest affinity thereto.' Com. v. Bacon, 6 S. & R. 322; Koontz v. Franklin County, 76 Pa. 154.

"Plaintiff overlooks the fact that as 'a fire alarm operator,' he was but an *employee,* and not an officer of the municipality exercising public functions. Cf. Com. v. Black, 201 Pa. 433, 50 A. 1008. His acceptance of appointment to that service, therefore, resulted in a contract of employment, nonetheless so because restricted in its terms by the Act of May 31, 1933, P. L. 1108, placing fire alarm operators under civil service and limiting the right of their removal. And in general, it has always been the law that when a contract of hiring has been violated and one has been unlawfully discharged from employment, his earnings elsewhere during the period are to be set off against his recovery. Emery v. Steckel, 126 Pa. 171, 17 A. 601."

In construing the quoted section of the Teachers' Tenure Act, we find no apparent reason why the ordinary rules relating to damages for breach of contract of employment should not be applied. As stated in 47 Am. Jur., Schools, §145, p. 402: "The rules applicable to ordinary contracts of employment obtain in cases of breach of contracts to teach school. On breach

of a contract of employment for a specified term, it is generally held that it is the duty of the employee to exercise ordinary diligence to procure other employment of like character, and thus to reduce his damages. Thus, in an action for breach of contract by one employed as a teacher, the measure of damages is the wages which were to be paid, less any sum actually earned, or which might have been earned, by the plaintiff by the exercise of reasonable diligence in seeking other similar employment." The term "professional employe" as applied to teachers in the Tenure Act is not without significance on the question here raised. Such employes are plainly not "public officers" whose salary is not governed by contract but treated as an emolument of office.

A statute should be construed with reference to the object it seeks to attain. Statutory Construction Act of May 28, 1937, P. L. 1019, §51, 46 PS §551; *Seltzer v. Reading,* supra, 151 Pa. Superior Ct. 226, 228, 30 A. 2d 177. By the enactment of the Teachers' Tenure Act the legislature did not intend to confer any special privileges or immunities upon professional employes, or grant them any rights beyond those reasonably necessary to effect the general purposes of the law. *Houtz Appeal,* 361 Pa. 537, 543, 65 A. 2d 420. Moreover, in construing the Tenure Act, it must be assumed that the legislature did not intend a result which is absurd or unreasonable, and that the legislature intends to favor the public interest as against any private interest. *Swick v. Tarentum Borough School District,* supra, 141 Pa. Superior Ct. 246, 251, 14 A. 2d 898.

The judgment of the court below is affirmed.