**Victoria LAWLESS**

v.

**CENTRAL ENGINEERING CO. et al.**

**Civ. A. No. 79–3633.**

United States District Court,
E. D. Pennsylvania.

Nov. 16, 1980.

Norman Pearlberger, Larry Haft, Philadelphia, Pa., for plaintiff.

William J. McKinley, Francis Brennan, Philadelphia, Pa., for Central Engineering.

John A. Lord, Norristown, Pa., for Theodore Wilhelm.

Andrew C. Hecker, Philadelphia, Pa., for Industrial Supply.

James Wendelgass, Albert S. Shaw, Jr., Philadelphia, Pa., for Rubber Supply.

L. Carter Anderson, Philadelphia Pa., for Public Service Electric & Gas.

E. J. McKechnie, Philadelphia, Pa., for Vandenberg.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Defendant, Central Engineering Company ("Central"), seeks to join plaintiff's employer, B. P. Vandenberg & Sons, Inc. ("Vandenberg") by way of third–party complaint to this products liability action. The motion presents a novel issue of Pennsylvania law[1], due to the uncertainty of the effect of Pennsylvania's new Comparative Negligence statute, 42 Pa.Con.Stat.Ann. § 7102 (Purdon) upon certain sections of the state's Workmen's Compensation Act, 77 Pa.Stat.Ann. § 481 (Purdon). The issue is novel in the sense that the precise question has never been decided by Pennsylvania's appellate courts. It is therefore necessary for this Court to make its own determination of what the Pennsylvania Supreme Court would probably rule in a similar case. *See Gerr v. Emrick*, 283 F.2d 293, 294 (3d Cir. 1960), *cert. denied*, 365 U.S. 817, 81 S.Ct. 698, 5 L.Ed.2d 695 (1961).

We note at the outset that a decision on this issue has been reached by the Court of Common Pleas of Lebanon County. In an informed opinion, Judge Gates held, contrary to the section of the Workmen's Compensation Act which bars third–party suits against employers, that the Comparative Negligence Act impliedly allowed an employer to be joined. *Yeagley v. Metropolitan Edison Co.*, C.A.No. 3316 (Ct. Common Pleas of Lebanon Cty., filed May 13, 1980). We have given this trial court's decision all "proper regard", *see Becker v. Interstate Properties*, 569 F.2d 1203, 1206 n.8 (3d Cir. 1977), but cannot accept its decision as persuasive or controlling of what the Pennsylvania Supreme Court would rule if faced with this issue.

Defendant asks the Court to construe the Comparative Negligence Act, 42 Pa.Con. Stat.Ann. § 7102 (Purdon), which was passed without any meaningful legislative history, as requiring the joinder of an employer in a personal injury action arising out of a work–related compensable acci-

---

1. Since jurisdiction in the instant case is based on diversity of citizenship, *Erie R. Co. v. Tomp-* *kins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires us to apply Pennsylvania law.

dent. The theory behind this joinder requirement is that all alleged tortfeasors must be before the court, so that the jury may assess the degree of liability of each person involved. It is unclear whether the Comparative Negligence Act does indeed require that all alleged tortfeasors be brought before the Court. Indeed the opposite view is equally persuasive. The statute can be interpreted as requiring the jury to assess the degree of fault of each alleged tortfeasor, whether he be in court or not, or alternatively, that only the degree of fault of those sued by plaintiff be considered by the jury. We need not answer this complex and unsettled question of Pennsylvania law at this time, because the courts of the Commonwealth have previously interpreted the Workmen's Compensation Act as absolutely barring joinder of an employer. Faced with this certain and definite requirement, we hold that joinder is not proper under Pennsylvania law. Accordingly, defendant's motion to join Vandenberg will be denied.

The section of the Workmen's Compensation Act in question, 77 Pa.Stat.Ann. § 481(b) (Purdon), is of recent origin, having been passed by the Pennsylvania State Legislature on December 5, 1974. 1974 Pa. Laws No. 263. This section created a change in the substantive law by providing that an employer could not be liable for damages, contribution, or indemnity to a third party who was found liable in a tort action brought by an employee. The Pennsylvania courts have interpreted section 481(b) of the Workmen's Compensation Act as creating an absolute bar to joinder of the employer in the tort action. *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977); *see Bell v. Koppers Co.*, 481 Pa. 454, 392 A.2d 1380 (1978). The Superior Court in *Hefferin* held that exclusive liability of the employer under the statutory compensation scheme was included in the amendments to the legislation in order to provide some means of protection for the employer. The legislature vastly increased the benefits to employees, payable by the employer under the Act, while foreclosing all traditional tort liability. 247 Pa.Super.

at § 67–70, 372 A.2d at 870–71. The constitutionality of this provision was upheld by the Supreme Court of Pennsylvania. *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980); *Eisel v. U. S. Slicing Machine Co.*, 488 Pa. 192, 412 A.2d 138 (1980).

The rationale behind workmen's compensation laws is well–known, and only the barest recitation is needed here. The statutes were enacted *to benefit workers* and grant employees a certain recovery without the time, expense or speculative nature of tort recovery. 1 A. Larson, The Law of Workmen's Compensation § 2.20 at 5 (1978). It is with this purpose in mind that we construe in the context of this action the recently enacted Comparative Negligence Act.

The Comparative Negligence Act, 42 Pa. Con.Stat.Ann. § 7102 (Purdon), establishes a "modified" form of comparative negligence. A "modified" scheme allows a plaintiff to recover only when his negligence is equal to or less than that of defendants. Timby & Plevyak, *The Effect of Pennsylvania's Comparative Negligence Statute on Traditional Tort Concepts and Doctrines*, 24 Vill.L.Rev. 453, 460–61 (1979). *See generally* V. Schwartz, Comparative Negligence (1974). This modified form is in some respects similar to the replaced and now disfavored contributory negligence scheme in that plaintiff is still barred from recovering if defendants are less negligent than he. *See* Timby & Plevyak, at 460. It is well known that comparative negligence was enacted to remedy the harshness of the contributory negligence rule, *see Costa v. Lair*, 241 Pa. Super. 517, 520–21, 363 A.2d 1313, 1315 (1976), by allowing a plaintiff who is between one and 50 percent contributorily negligent to recover against a more or equally negligent defendant. This legislation, enacted for a purpose similar to the Workmen's Compensation statute, i. e. to benefit plaintiffs, enables a plaintiff to be recompensed for his or her injuries where he was previously precluded from doing so.

The two statutes described above are not irreconcilable and, indeed, they must be

construed together.[2] Statutes are to be construed in harmony with the existing law and as a part of a general and uniform system of jurisprudence. *Seltzer v. City of Reading,* 151 Pa.Super. 226, 30 A.2d 177 (1943). These two statutes can be read together with no inherent conflict. Section (b) of the Comparative Negligence Act applies only "where recovery is allowed against more than one defendant." Even defendant recognizes that it has no claim for monetary recovery through contribution, indemnity or otherwise against the employer. Because the first clause of subsection (b) does not apply, the defendant cannot base his motion for joinder on the other language of the clause. The reasoning under 77 Pa.Stat.Ann. § 481(b) (Purdon) continues in full force under this plain reading of the Comparative Negligence Act.

Various considerations of public policy also demand the bar to joinder ordered here. An employer's liability is limited before trial to an amount determined by the Workmen's Compensation Act's tables. There is no justification, practically, for the employer vigorously to defend itself when there is no possibility that damages can be awarded. The joinder of the employer with no exposure to liability could very well result in an acquiescence by the joined employer in the allocation of liability proposed by other defendants.[3] This could only result in a reduction of plaintiff's award of damages, possibly unrelated to the true proportion of liability. This thoroughly plausible result would be ironic and, this Court believes, not the result intended by the Pennsylvania legislature.

Finally, the Court is aware that the Workmen's Compensation Acts were creat-ed to displace the tort action as it relates to the employer. Accordingly, the Court will not force the employer to align itself for whatever reason with either plaintiff or defendant in a tort action relating a compensable accident occurring at the workplace.

The Court notes, parenthetically, that Judge Gates in *Yeagley, supra,* likened this joinder of an employer to the type of case in which a husband may be joined as an additional defendant in a trespass action brought by a wife although the husband is immune from liability because of the spousal immunity rule. A closer reading of the case cited, *Daly v. Buterbaugh,* 416 Pa. 523, 207 A.2d 412 (1964), reveals that joinder was allowed because the husband was liable for contribution to the original defendant. Here, this contribution is statutorily denied the defendant, and cannot support Judge Gates's opinion.

The Court has not determined what the defendant will be allowed to prove at trial in terms of the alleged negligence of Vandenberg, or to what extent the damages may be modified if proof of such negligence is allowed. Parties are directed to file briefs on this issue within ten (10) days of the date of the accompanying order.

---

2. The Pennsylvania Consolidated Statutes include Rules of Construction which are binding upon the Court in this diversity action. 1 Pa.C. S.A. §§ 1921–39. Particularly relevant is Section 1932 which provides:

  (a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things.
  (b) Statutes in pari materia shall be construed together, if possible, as one statute. 1 Pa.C.S.A. § 1932.

3. This acquiescence could take several forms, but quite clearly, there is no incentive for the joined employer vigorously to defend. Indeed, there is a clear incentive for him not to defend. In circumstances similar to those in this case the joined employer and the other defendants will be commercial associates, and a degree of cooperation can be expected. Certainly, if the joined employer will be immune from liability, he will be unlikely to incur the extra legal costs of a vigorous defense.