# In the Matter of the Division of Boggs Township into Two Election Districts.

The Court of Quarter Sessions, under the Act of the 18th of May, 1876, P. L., 178, divided a township into two election districts, by a straight line running east and west; subsequently, upon petition, a commission was appointed to review and report as to the propriety of changing said election districts and of dividing the township into two or more districts. A majority of this commission reported in favor of dividing the township into two election districts, by a straight line running north and south. This report was confirmed and said division decreed. *Held* (*a*) that the Quarter Sessions has the exclusive power to determine as to the propriety of the division of a township into election districts; (*b*) that this was not a proceeding to annex one election district to another, nor did this decree produce that result. An election as provided for in the fifth section of said Act was therefore not necessary. (*c*) The court is not deprived of the power of dividing a township into election districts, because at some time previously it had made a different division.

February 18th, 1886. Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., absent.

CERTIORARI to the Court of Quarter Sessions of the Peace of *Centre county;* Of January Term, 1886, No. 233.

The record showed the following:

March 11th, 1884: Petition of Edward Smith, Geo. H. Lyman, and other citizens and voters of Boggs township presented, setting forth that at August Sessions, 1882, commis-

2 AMERMAN—10

sioners were appointed to divide said township into two election districts; that said commission reported a division of the township into two election districts by a line running nearly east and west, which report was, on the 27th day of April, 1883, confirmed absolutely, and a decree made designating the one as the northern and the other as the southern district; averring that said division was unequal, and that a division into two nearly equal districts would be more convenient; and praying the court to appoint commissioners to view the township and report as to the necessity and advisability of changing said election districts by a new division of said township.

March 11th, 1884: Petition read, and J. Green Irvin, Samuel Gilliland, and Jacob Bottorf appointed commissioners to "review" Boggs township and report as to the necessity and propriety of changing said election districts, and of dividing the township into two "or more" election districts of convenient size.

March 24th, 1884: Order to view issued.

May 6th, 1884: Report of majority commissioners filed, reporting in favor of a division of "the entire township," by a line running north twenty-one degrees west, into two election districts to be known respectively as the eastern and western districts.

May 6th, 1884: Report of minority commissioner filed, reporting in favor of a division of the "southern district only," by a line running north twenty-one degrees west, into two election districts to be known as the eastern and western districts respectively—the northern district to be left intact.

May 12th, 1884: Report of majority confirmed "nisi."

August 25th, 1884: Exceptions to the majority report filed.

August 25th, 1884: Petition for a review filed, read, considered, and further action continued pending the disposition of the exceptions to the majority report.

January 3d, 1885: Exceptions dismissed, review refused, and majority report confirmed absolutely, by decree filed.

The exceptants thereupon took this writ, filing the following assignments of error:

1. The court erred in dismissing the second exception filed by exceptants, which is as follows: "Because the viewers exceeded their authority, as they first consolidate the northern and southern precincts of Boggs township, and then proceed to divide the territory thus consolidated into two precincts, for which there is no warrant or authority in law for so doing.".

2. The court erred in confirming absolutely the majority report.

3. In any view of the case, the court exceeded its jurisdiction in confirming absolutely a report which, of necessity, consolidated two election districts without first submitting the question of such consolidation to an election by the qualified voters of each of the said districts.

*John G.. Love* and *D. S. Keller*, for plaintiffs in error.—We deny that under the Act of Assembly of May 18th, 1876, there was any authority for the proceedings had and the division of Boggs township into two election precincts, as divided by the decree of court, January 3d, 1885. That the report of the majority commissioners, confirmed by the court, January 3d, 1885, was in effect, first, a consolidation of the existing northern and southern election precincts, and then a subdivision of the territory thus consolidated into two election precincts of an entirely different boundary and form. · The northern and southern precincts could not be consolidated except by a vote of the inhabitants thereof, as provided in the fifth section of the Act of May 18th, 1876. Is it possible when an election district is once established, as provided by law, that it can be entirely ignored and wiped out by a proceeding that gives its inhabitants no voice therein?

TRUNKEY, J.—Unless you put both into one again you cannot divide again.

GORDON, J.—You want to divide into two convenient districts.

*Orvis*, of *Orvis, Bower & Orvis*, for defendants in error.—The action of the court and the entire proceeding was in conformity with the provisions of the Constitution (see sec. 11, art. 8) and the directions of the Act of 18th May, 1876. No election district was annexed or consolidated thereby, simply a change in the division of the township. The Act of 18th May, 1876, requires that the annexation or consolidation of townships or election districts shall be submitted to a vote of the people, but points out a different method for the division of townships into election districts: Act 18th May, 1876 (P. L., 178). In the organization of boroughs and the division and erection of new townships, the Court of Quarter Sessions exercise the power, and frequently in effect remove election and township officers. The court has this power in proceedings for the division of townships, cities and boroughs into election precincts.

GORDON, J.—The simple question is whether the court exhausted its power in the first division.

· Mr. Justice GREEN delivered the opinion of the court, March 1st, 1886.

· This· record· discloses a single and very narrow question. The exceptants contend that the court below had no jurisdiction to confirm the report of viewers appointed under a petition asking· for a change in the election districts of Boggs township. The petition sets forth a previous division of the township into two districts made in 1883, and alleged that the division so made was unequal, placing about 120 voters in one district and over 400 in the other, and alleged, also, that the division was inconvenient and burthensome on account of the topography of the township and the direction of the roads, and that a more equal and convenient division could be made by establishing a different line of division. A commission ·was appointed, a majority of whom reported a different division from the one existing, and the court confirmed the report, and this confirmation is assigned for error. The only reason given is the want of jurisdiction. Of course with the merits of the question as to the propriety of the division we have nothing to do. The court below has the exclusive power to ·determine that subject. It is agreed, however, that because the township had already been districted, and because, in point of fact, the new districting would consolidate two districts, the proceedings must be conducted under the fifth section of the Act of 1876 (P. L., 178) instead of the preceding sections, and as the fifth section requires an election there was no power to proceed except· in ' that way. But ·it is perfectly apparent that this is not a proceeding to annex one election district to another in any point of view, nor does the decree of confirmation produce that· result. The northern is not annexed to or consolidated with the southern district, nor the southern with the northern, by anything done in this proceeding. On the contrary, a part of the northern and a part of the southern districts are united to form one district, and called the eastern district, and another part of the northern and another part of the southern districts are united to form another district called the western district. It will thus be seen that the proceeding is a re-arrangement of the districts or a new division of the township, and not an annexation of one district to another, and the objection for want of jurisdiction on the ground stated falls. It is suggested that when a division has once been made it cannot be changed without a vote under the fifth section. We cannot agree to this. There is nothing of that kind either in the constitutional provision (sec. 11, art. 8) nor in the Act of 1876. It would be a very narrow construction of the Act to hold that the power of division once exercised by the court is exhausted, for that is what the argument amounts to. The power is given in general terms to be exercised upon the application of twenty

resident freeholders, and there is no other restriction than this. It is manifest that circumstances may change from a variety of causes, so as to produce inconvenience by the continuance of an existing division. The power to remove such inconvenience by another and different division ought to exist somewhere, and has wisely been conferred upon the Courts of Quarter Sessions by the Constitution and the legislation enacted to carry its provisions into effect. We can conceive of no reason for holding that the court is deprived of its power of division, when the circumstances require it to be exercised, simply because at some time previously it had made a different division.

> The order of confirmation is affirmed at the cost of the exceptants, and the record remitted for further proceedings.