## Prospect Park Borough Election District.

Argued February 11, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Albert B. Maris,* for appellant.—The effect of the decree of the court of quarter sessions redividing the Borough of Prospect Park into new election districts was to abolish the two election districts formerly existing and to terminate the tenure of office of the election officers thereof: Bern Twp., 115 Pa. 615; Respublica v. McClean, 4 Yeates 399; Com. v. Hudson, 253 Pa. 1; North Whitehall v. South Whitehall, 3 S. & R. 117.

On the redivision of the Borough of Prospect Park into new election districts it became the duty of the court to appoint election officers for the new districts in accordance with the general laws on the subject: Waynesburg Boro., 29 Pa. Superior Ct. 525; Whitmire v. Twp., 17 Pa. Superior Ct. 399; State Highway Route No. 72, 71 Pa. Superior Ct. 85.

*Wendell E. Warner,* with him *Harold L. Ervin,* for appellee.—The inspector of election is elected by the people and his term of office is fixed and guaranteed to him by the fundamental law of this Commonwealth: Respublica v. McLean, 4 Yeates 399; Com. v. Hudson, 253 Pa. 1; Com. v. Gamble, 62 Pa. 343.

The decree of court of July 13, 1928, neither abolished the two existing election districts of the Borough of Prospect Park nor abolished the election offices therein existing: Livingston v. Kerbaugh, 30 Pa. Superior Ct. 534; Gross v. Express Co., 35 Pa. Superior Ct. 467; Elm City Lumber Co. v. Haupt, 50 Pa. Superior Ct. 489; Am. Structural Steel Co. v. Hotel Co., 226 Pa. 461; Chappell's Est., 264 Pa. 486; Young's App., 99 Pa. 74; George's App., 12 Pa. 260.

OPINION BY MR. JUSTICE FRAZER, March 18, 1929:

We take from the opinion of the learned court below a summary of the material facts involved in this appeal. Upon appropriate proceedings, the Court of Quarter Sessions of Delaware County redivided the then two existing election districts or precincts which embraced the

entire area of Prospect Park Borough, creating thereby five districts. By the same decree the court appointed election officers for vacancies occurring by the erection of new districts and also designated the districts wherein seven of the eight incumbents, elected at a municipal election held previous to the redivision, should continue in the performance of their duties as election officers. By an unintentional mistake of counsel for petitioners for the redistricting, the court was misled into the belief that the names of none other than incumbents had been set forth in the decree and accordingly, in filling other vacancies named Mrs. H. G. Murphy to the office of minority inspector for the new Third District. Later it was discovered that Eugene Craig, who had been chosen at the previous election as minority inspector of the then existing First Precinct, was ignored in the decree making appointments. On this state of facts, Craig presented a petition setting forth the error and praying, in effect, that the decree be corrected and amended and his name substituted in place of that of Mrs. Murphy. In an opinion sustaining the petition the court made the correction and amendment prayed for, by substituting the name of Craig and appointing him minority inspector of the new Third District. The appeal comes here from this order and the only assignment of error is directed against the final decree of the court.

The one noticeable contention of appellant's counsel is to the effect that the decree of the court redividing the two old election districts into five, operated to abolish the old districts, that they thereby became nonexistent and in consequence Craig's tenure of office as minority inspector to which place he had been elected, terminated, and that it was consequently error for the court to amend its decree by revoking the appointment of Mrs. Murphy and substituting the appointment of Craig. As this is the main contention of appellant, we are not required to follow the elaborate ramifications of the

printed arguments of counsel for both parties, nor do we need to give consideration to the question, suggested by counsel for appellee, as to whether courts have power to abolish election districts. That matter is not involved here, for the decree of the court did not abolish, nor intend or attempt to abolish, the old districts of the borough. It merely exercised the power and authority with which it is invested by section 11, article VIII, of the Constitution, which empowers courts of quarter sessions to establish and divide townships, wards of cities and boroughs into election districts. Under this supreme authority the court below acted, and neither by the terms of its decree nor by inference that may reasonably be drawn from them, can it be assumed that the court intended anything else than a redivision, a rearrangement of the original precincts. The qualified electors in their petition distinctly prayed for a division, not an annihilation, of the old precincts. Assuming as a fact, which of course we are far from doing here, that the court below had the power to abolish the districts, how did it proceed in the present case? It distinctly decreed that the two existing divisions "be divided into five election districts or precincts." But if we read aright the printed argument of counsel for appellant, a surprising sequence of results took place during the brief time required by the court to sign the decree. First, upon signing the decree there was an instantaneous abolition, a total extinction of the two original precincts, and simultaneously with that extinction came the termination of Craig's tenure of office, and then, following an unimaginable fraction of time, during which no precincts existed, the five new ones came into existence. But fortunately for orderly and stable government, political divisions, even of the minor importance of election districts, are not obliterated in that airy and insubstantial fashion, nor are the purposes and acts of courts to be so misconstrued and misapplied.

More than forty years ago the same principles and practically the same arguments involved in the present

proceeding were very sensibly considered and disposed of In re Boggs Twp., 112 Pa. 145, where a petition was presented to the Court of Quarter Sessions of Center County, for the redivision of the two existing election districts coterminous with the area of the township, the prayer being for the replacement of the line between the districts so as to render the voting facilities more convenient for the electors, but not increasing the number of districts. The existing divisions were known as the Northern and Southern Election Precincts, and by the decree of the court, based on the report of a majority of the viewers, a new line was established, changing the area of each precinct. Exceptants to confirmation of the report held the decree had in fact first consolidated the two old districts, abolishing one of them and then simultaneously carved out of this consolidated division, two new precincts. Rejecting that line of reasoning, the court said, page 148: "The Northern is not annexed to or consolidated with the Southern District, nor the Southern with the Northern,...... On the contrary, a part of the northern and a part of the southern districts are united to form one district, and called the eastern district, and another part of the northern and another part of the southern districts are united to form another district called the western district. It will thus be seen that the proceeding is a rearrangement of the districts or a new division of the township, and not an annexation of one district to another...... It is manifest that circumstances may change from a variety of causes, so as to produce inconvenience by the continuance of an existing division. The power to remove such inconvenience by another and different division ought to exist somewhere, and has wisely been conferred upon the courts of quarter sessions by the Constitution and the legislation enacted to carry its provisions into effect."

So in the case before us there is no consolidation or abolition. As they first existed, the two precincts in

Prospect Park Borough embraced the entire borough. The five new precincts together are likewise coextensive with the limits of the municipality and all that was done to create them, as the plan contained in the record before us shows, was that one part of the old first district was taken to form the new first precinct, and all of the old second and a part of the old first were taken to form the new second, third, fourth and fifth precincts. It was thus simply a redivision or rearrangement of the total area of the borough, which the two old districts occupied, into five precincts instead of two, and by which Craig's original division, the first, was only enlarged and given another number, the third.

Neither the decree of the court nor the actual redivision can affect the status of Craig as the incumbent of the office of minority inspector. The office itself is a creation of the Constitution of the Commonwealth and consequently he is, in the usual designation, a constitutional officer. His place of residence when elected previous to the redivision, became included by that rearrangement in the area of the New Third Precinct, and he has not changed his place of living. Having a constitutional right of possession to the office and not having resigned from it, he cannot be deprived of it by a mere redivision which did no more than enlarge the election district wherein he was elected and where he continues to reside, and designate it by a new number.

The contention of respondent that Craig by a recent affiliation with the Republican Party may not be considered as a minority inspector, is not material, inasmuch as there is no requirement in the Constitution that demands a minority inspector shall belong to any particular party. Moreover, Craig was elected to that office as a member of the Progressive Party and the board of elections of his precinct subsequently certified him as such.

The decree of the court below is affirmed at appellant's costs.