## Commonwealth ex rel. Teller, Appellant, *v.* Jennings.

514

Argued November 27, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*James Lenahan Brown,* for appellant.

*J. Earl Langan,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 8, 1963:

At the municipal election held on November 3, 1959, two Democrats and one Republican were elected to the Board of County Commissioners of Luzerne County. On January 11, 1962, one of these commissioners, appellee Jennings, changed his party registration from Democratic to Republican. An action of quo warranto was thereupon commenced in the Court of Common Pleas of Luzerne County by the District Attorney of Luzerne County for a judicial declaration that Jen-

nings, by changing his party representation, had forfeited his right to hold office and that a vacancy therefore existed in the office of county commissioner. The court below sustained appellee's preliminary objections to the complaint and this appeal followed.

Appellant relies upon Article XIV, §7 of the Pennsylvania Constitution for his contention that Jennings is now disqualified from holding the office of county commissioner.[1] That section provides: "Three county commissioners and three county auditors shall be elected in each county where such officers are chosen, in the year one thousand nine hundred and eleven and every fourth year thereafter; and in the election of said officers each qualified elector shall vote for no more than two persons, and the three persons having the highest number of votes shall be elected; any casual vacancy in the office of county commissioners or county auditor shall be filled, by the court of common pleas of the county in which such vacancy shall occur, by the appointment of an elector of the proper county who shall have voted for the commissioner or auditor whose place is to be filled."

Appellant argues that the mechanics established by section 7 for election to the board of county commissioners and filling of vacancies therein, evidence a purpose both to insure minority representation on the board and also to maintain the original party alignment of the commissioners.

Since members of both major political parties presently serve on the Luzerne County Board of Commissioners, the question of minority representation is not involved in this case and we cannot understand why appellant has placed such great weight upon that argument. Moreover, we would point out that section 7

---

[1] Appellant does not allege any acts of misbehavior in office so as to make appellee removable under Article VI, §4 of the Constitution.

does not *insure* either the election [2] or continuance of minority representation,[3] but rather *encourages* the initial election of members of both major political parties.[4]

Appellant's complaint thus rests on the theory that (1) Jennings was elected to office because he was a Democrat and that (2) section 7 requires him, as a qualification for office, to continue his affiliation with that party.

Without questioning the basis of Jenning's victory at the polls [5] or appellant's emphasis on the importance of party registration, we find nothing in section 7 which would warrant the interpretation urged by appellant. In the first place, section 7 deals at length with election to the board of commissioners and filling of vacancies therein, but is significantly silent as to grounds for removal of county commissioners. We have held on several occasions that elected constitutional officials are not lightly to be removed by the courts. See *Prospect Park Borough Election District,* 296 Pa. 326, 146 Atl. 28 (1929) ; *Bowman's Case,* 225 Pa. 364, 74 Atl. 203 (1909).

Secondly, as we pointed out above with regard to minority representation, the purpose of section 7 is to

---

[2] For example, a write-in candidate can be elected as the third commissioner although he is also a member of the party which elects its two slated candidates.

[3] We cannot be blind to the political reality that in areas where one party has clear superiority, the so-called "minority representative" is often controlled by the majority party through its power over the distribution of patronage, even though no formal change occurs in his party registration.

[4] Hence our result would not be different if it had been the minority Republican commissioner who had changed his party registration.

[5] It is interesting to note that although there were only 68,776 registered Democrats in Luzerne County, Jennings received 74,743 votes.

encourage the initial representation of the minority party on the board of county commissioners; it is *not* designed to establish the courts as watchdogs over the political actions of the commissioners once in office.

Finally, and most important, to attribute to the framers of the Pennsylvania Constitution the intention of requiring a public officeholder to continue after taking office as the representative of his political party, would be to charge them with a complete misunderstanding of the nature of the American political system. Once a person assumes public office he becomes the representative of all his constituents and not merely those who voted for him or happen to belong to his political party. As we said in *Commonwealth v. Wise*, 216 Pa. 152, 159, 65 Atl. 535, 538 (1907), a case involving the very constitutional provision in question: "In the discharge of their official duties, the three commissioners or auditors do not act as the representatives of the majority or minority party, but as officials in conformity with their duties prescribed by the laws of the commonwealth, uncontrolled and uninfluenced by any party affiliations or obligations. In this country, this is the theory upon which all officials, municipal, state and federal, are expected to act, and upon which they must act if our system of government is to be preserved."

The court below therefore properly sustained appellee's preliminary objections.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.