Andrew J. **KAELIN** et al.,

v.

William B. **WARDEN** et al.

**Civ. A. No. 70-2341.**

United States District Court,
E. D. Pennsylvania.

July 6, 1971.

Seitz, Chief Circuit Judge, dissented and filed opinion.

See also, D.C., 334 F.Supp. 602.

Sirott & Huhn, Henry F. Huhn, Bristol, Pa., for plaintiffs.

Peter A. Glascott, County Solicitor, Doylestown, Pa., for defendants.

Before SEITZ, Chief Circuit Judge and KRAFT and LUONGO, District Judges.

## OPINION

LUONGO, District Judge.

Plaintiffs, Andrew J. Kaelin, Elsa Suplee and Lucille Trench, are all qualified voters and registered members of the Democratic Party in Bucks County, Pennsylvania. They have brought this action for declaratory and injunctive relief, seeking a declaration that appointment of one of three Commissioners of Bucks County was pursuant to an unconstitutional state statute, and seeking removal of the Commissioner so appointed. Pursuant to plaintiffs' request a

three-judge court was convened under 28 U.S.C. § 2281.[1,2]

Under Pennsylvania law, counties of the second through the eighth class are governed by three Commissioners. Each qualified elector of the county is, however, only permitted to vote for two Commissioners, 16 P.S. §§ 501(a) and 3501(a), thus insuring minority representation. See Commonwealth ex rel. Teller v. Jennings, 409 Pa. 513, 186 A.2d 916 (1963). In the event of a vacancy in the office of Commissioner, the unexpired term is filled (1) in counties of the second class by appointment by the judges of the Court of Common Pleas of the county from among those electors who voted for the Commissioner whose vacancy is being filled (16 P.S. § 3501 (b)), and (2) in counties of the third class (of which Bucks is one) by appointment by the judges of the Court of Common Pleas of the county from among those electors of the county who are members of the same political party as the Commissioner whose unexpired term is being filled. 16 P.S. § 501(b).[3]

On November 7, 1967, Joseph O. Canby, a member of the Republican Party, was elected one of three Commissioners of Bucks County for a four year term commencing January 1968. On June 8, 1970, he resigned. William B. Warden was one of three members of the Republican Party whose names were submitted by the Bucks County Republican Committee to the judges of the Court of Common Pleas of Bucks County. Acting pursuant to 16 P.S. § 501(b), the Bucks County Common Pleas judges appointed Warden to fill Canby's unexpired term. Thereafter this action was instituted seeking, as above noted, a declaration of the unconstitutionality of § 501(b), removal of Warden from office, and an election to fill the vacancy.

The threshold question is whether this case is an appropriate one for a three-judge court. The majority is of the view that it is.

■ A three-judge court under § 2281 should be convened only if (1) an injunction is sought to restrain the enforcement, operation, or execution of a state statute of statewide application; (2) by restraining the action of a state officer in the enforcement or execution of such statute. The purpose of § 2281 is to prevent a single federal judge from paralyzing an entire state regulatory scheme by the issuance of a broad injunctive order. See Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); Phillips v. United

---

1. 28 U.S.C. § 2281 provides:

"§ 2281. Injunction against enforcement of State statute; three-judge court required

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

2. The judges of the Court of Common Pleas of Bucks County were not named as parties defendant in either the initial complaint or the first amended complaint. The court was unanimous in the view that the Common Pleas judges, as the only state officers charged with the enforcement or execution of the state statute under attack, were necessary parties under Rule 19, F.R.C.P., and, by Order dated March 26, 1971, discharged the three-judge court unless said judges were joined as defendants within 20 days. Thereafter plaintiffs, within the prescribed time, filed a second amended complaint adding the state court judges as defendants.

3. 16 P.S. § 501(b) provides:

"§ 501. Elections; Vacancies

\*  \*  \*  \*  \*

(b) Any casual vacancy in the office of county commissioners shall be filled, for the balance of the unexpired term, by the court of common pleas of the county in which such vacancy shall occur by the appointment of a registered elector of the county who was a member of the same political party as the commissioner whose place is to be filled at the time the commissioner was elected."

**600**

States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941).

It is unquestioned that § 501(b) is a statute of statewide applicability. See generally Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967) ; Sailors v. Board of Education, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967). The question here is whether it is now too late to enjoin the enforcement or execution of the statute by state officers since the state officers (the judges of the Court of Common Pleas), have already executed the statute by appointing Warden to fill the vacancy. In the view of the dissent that question must be answered in the affirmative, leaving only an action in the nature of *quo warranto* to remove Warden from office. Since such a proceeding would concern only a purely local matter, directed at a local officer, the case is one for a single judge, according to the dissent. See Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1928).

■■■ In the opinion of the majority such a view of the case before us overlooks the essence of the relief sought by plaintiffs. At the outset we recognize that it is not enough to satisfy the requirements of § 2281 to seek to enjoin "state officers whose action is not the effective means of the enforcement or execution of the challenged statute." Wilentz v. Sovereign Camp, Woodmen of the World, 306 U.S. 573, 579–580, 59 S.Ct. 709, 713, 83 L.Ed. 994 (1939). Thus, if the injunction sought against the state officers is "but incidental to the sole purpose of the suit," i. e., to prevent the performance by a local officer of a local function, then a three-judge court should not be convened. If, however, injunction against the state officers is necessary to prevent continuing execution or operation of the challenged statute, the requirements of § 2281 are, in our view, satisfied. *Cf.* Wilentz v. Sovereign Camp, *supra*.

In this case plaintiffs seek:

(1) removal of Warden as a Commissioner;

(2) a declaration that § 501(b) is unconstitutional;

(3) a declaration that the office of Commissioner, formerly held by Canby, is vacant; and

(4) an order for a special election by the general electorate to fill the vacancy.

The parts of the relief requested cannot be effectively separated from the whole, they are inextricably intertwined. Warden's removal (part (1) of the relief requested) can be ordered only if § 501(b) is declared unconstitutional (part (2)). The resulting vacancy (part (3)) requires a means for filling it (part (4)). While it might be argued that the first and third parts of the relief requested have only a local effect, it is hard to avoid the conclusion that the second and fourth parts have a much broader impact. If the statute is declared unconstitutional (part (2)) it would require an order enjoining the judges of the Court of Common Pleas from filling the vacancy by appointment pursuant to the provisions of § 501(b). Plaintiffs have asked the court to order a method, different from that provided by the statute, for filling the vacancy (part (4)). If no method for filling the vacancy is provided, the vacancy would remain until the next general election of county commissioners, a result which would please neither side because it would create the possibility of deadlock between the two remaining commissioners and possibly bring to a halt the operation of the county's affairs.

If, as the dissent believes, the matter in its present posture is one for a single judge, it could lead to at least two anomalous situations.

(1) A single judge might hear the case, determine that Warden's appointment was improper because § 501(b) is unconstitutional, remove him from office, but provide no method for filling the vacancy.

In this situation the judges of the Court of Common Pleas would presumably be free to act again pursuant to the

state law which the single judge had ruled unconstitutional, but enforcement of which he lacked power to enjoin. At this point (i. e., before the new appointment) we believe that the dissent would concede that a three-judge court could properly be convened under § 2281. It would be even more anomalous if a three-judge court were then to determine, contrary to the single judge's ruling, that the statute is constitutional, indicating that Warden had been improperly removed from office by the action of the single judge.

(2) A single judge might hear the case, decide that the act is unconstitutional, remove Warden and order a method of filling the vacancy to meet his conception of applicable constitutional requirements. The method selected would, of necessity, be something other than that provided by § 501(b). Thus the single judge would, in effect, be enjoining state officers (the Common Pleas Judges) from proceeding in accordance with the requirements of state law. This is the very vice § 2281 was intended to avoid.

In the view of the majority, therefore, it would ignore reality in the instant case to regard the state act as already executed by the state officers, and the actions of the state officers as therefore beyond the reach of a three-judge court, as the dissent suggests. An integral part of the relief plaintiffs seek here is restraint on the state officers. If § 501 (b) is unconstitutional, plaintiffs' rights are being violated on a continuing basis so long as Warden remains in office and plaintiffs should be entitled to an injunction under § 2281 prohibiting the state officers from further executing or enforcing the unconstitutional statute.

■ We conclude that the matter is a proper one for a three-judge court under 28 U.S.C. § 2281.

SEITZ, Chief Circuit Judge (dissenting).

I do not believe this is a proper case for a three-judge court.

In their prayers for relief, plaintiffs seek a declaration that 16 P.S. § 501(b) is unconstitutional, an order enjoining Warden from participating in office, an order compelling the Bucks County Common Pleas judges to vacate and set aside their order appointing Warden to office, a declaration that the office is vacant, and an order requiring a special election to fill the vacancy created by the removal of Warden from office.

In order to justify the convening of a three-judge District Court under 28 U.S.C. § 2281 it is essential that plaintiffs assert a proper claim seeking to restrain the action of a state officer in the enforcement or execution of a state statute. Moody v. Flowers, 387 U.S. 97, 101, 87 S.Ct. 1544 (1967). This requirement is not lightly fulfilled since the Supreme Court has repeatedly stressed that the three-judge court legislation is not "a measure of broad social policy to be construed with great liberality," but is rather "an enactment technical in the strict sense of the term and to be applied as such." Mitchell v. Donovan, 398 U.S. 427, 431, 90 S.Ct. 1763, 1765, 26 L.Ed.2d 378 (1970); Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480 (1941). For purposes of determining the propriety of convening a three-judge court one must consider plaintiffs' claim against the judges of the Common Pleas Court, the sole authorities vested with the power to enforce or execute the statute subject to plaintiffs' constitutional challenge. Plaintiffs' complaint is devoid of any prayer seeking to enjoin the Common Pleas judges from executing § 501(b). I presume this is because the judges had executed the statute before the complaint was filed and they have no further duties to perform in terms of enforcing it. This alone is fatal to plaintiffs' request for a three-judge court. Harlan v. Pennsylvania R.R., 180 F.Supp. 725, 726 (W.D.Pa.1960). In fact, the only relief requested concerning the Common Pleas judges is that they vacate their order appointing Warden to office,

a course of action which they do not have the power to take.[1]

Even if one assumes that we can infer from plaintiffs' complaint a request to enjoin the Common Pleas judges from again executing § 501(b) at some time in the future, the complaint would still fail to state a claim cognizable by a three-judge District Court. It is well understood that a three-judge court should not be convened unless there is a showing that there is a present need for injunctive relief because enforcement of a challenged statute is threatened and therefore imminent. Frankel v. Gardner, 263 F.Supp. 218, 220 (E.D.Pa.1966). There is no such allegation in plaintiffs' complaint nor do I think such an allegation would be supportable.

Further, the lack of immediacy of any threatened execution raises serious questions of non-justiciability of a claim seeking an injunction restraining the judges. United Public Workers v. Mitchell, 330 U.S. 75, 78, 67 S.Ct. 556, 91 L.Ed. 754 (1947). The execution will come about only if plaintiffs are successful in having the statute declared unconstitutional and in removing Warden from office. This would create a vacancy and the possibility that the Common Pleas judges will again execute § 501(b) although there has been a determination by a federal court that the statute is unconstitutional. In this setting, the claim for an injunction is too contingent and is not ripe for adjudication. Therefore it cannot stand as the jurisdictional basis for the convening of a three-judge court. The ripeness of the claim necessary for jurisdiction is pendent to the determination of other claims which are not independently cognizable by a three-judge court. A doctrine of "pendent" ripeness, even if accepted, would require at least that the claim necessary to jurisdiction be ripe. See D. Currie, Federal Courts 49 (1968).

At this time plaintiffs can properly seek only a determination as to the constitutionality of the statute and the removal of Warden from office. Since this does not require that the execution of the statute be restrained, the case is one properly for a single judge.

Since I believe a three-judge District Court lacks jurisdiction to entertain this action, I would vacate the order convening this three-judge court, dissolve the court, and remit the case to the District Judge to whom it was first presented, for disposition by him.

1. "The county commissioners * * * whether elected or duly appointed to fill a vacancy, shall be removable from office only by impeachment, or by the Governor for reasonable cause after due notice and full hearing on the advice of two-thirds of the Senate, or upon conviction of misbehavior in office, or any infamous crime in accordance with the Constitution of this Commonwealth, but their title to office may be tried by proceedings of quo warranto as provided by law." 16 P.S. § 450(a) (1971 Supp.)