410 A.2d 1243

**Eugene COON, Appellant,**

v.

**ALLEGHENY COUNTY BOARD OF ELECTIONS, Appellee.**

Supreme Court of Pennsylvania.

Feb. 1, 1980.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

Eugene Coon, appellant, filed a complaint in mandamus in the Court of Common Pleas of Allegheny County in which he sought to have his name added to the ballot for the November, 1979 election as a nominee of the Democratic Party for the offices of county commissioner. The court dismissed the complaint, and this appeal followed.[1]

Coon was a candidate for the nomination of the Democratic Party for the office of county commissioner in the Primary Election of 1979 and received the third-highest number of votes cast.

The issue presented requires a determination of the number of candidates a political party may nominate in a pri-

1. We accepted jurisdiction of the appeal pursuant to 42 Pa.C.S.A. § 726 (1979).

   On September 26, 1979, an order was entered by this Court affirming the order of the Court of Common Pleas. This opinion is in explanation of that order.

mary election for the offices of county commissioner. A brief historical review is helpful in resolving the issue.

Pa.Const. art. 14, § 7 (1874), in pertinent part, provided: "Three county commissioners . . . shall be elected in each county . . . and in the election of said officers each qualified elector shall vote for no more than two persons, and the three persons having the highest number of votes shall be elected . . . ."

Following the adoption of this provision, political parties have nominated only two candidates for the offices of county commissioner. Previously, parties nominated candidates by a means other than a primary election, such as conventions or caucuses. *Winston v. Moore*, 244 Pa. 447, 91 A. 520 (1914). When primary elections were statutorily adopted as the process by which candidates for public office were to be nominated, the constitutional provision was made applicable by common practice to the primary election. As a result, in both the municipal and primary elections, each elector voted for only two persons, each party nominated two candidates at the primary election, and the three persons having the highest number of votes at the municipal election were elected to the offices.

The provision in the Constitution of 1874, supra, was replaced by art. 9, § 4 of the Pennsylvania Constitution of 1968, which, in pertinent part, provides:

"Three county commissioners shall be elected in each county. In the election of these officers each qualified elector shall vote for no more than two persons, and the three persons receiving the highest number of votes shall be elected."

This provision has been implemented in the same manner as its predecessor.

Appellant argues that the historical implementation of this provision, and presumably its predecessor, is incorrect and that each party should nominate three candidates at the primary election. Appellant reasons that, since the provision applies to both primary and municipal elections in limiting the number of persons an elector may vote for, the

final phrase stating that the "three persons receiving the highest number of votes shall be elected" also refers to the primary election and mandates three nominations. Stated otherwise, appellant reasons that, since the term "election" includes any "municipal" or "primary" election, see The Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, art. I, § 102(f), 25 P.S. § 2602(f) [hereinafter: 25 P.S. §    ]; cf. *Thiemann v. Allen,* 485 Pa. 431, 402 A.2d 1348 (1979), the term "elected" in the final phrase in art. 9, § 4, supra, includes "nominated" so that the "three persons receiving the highest number of votes [in a primary election] shall be" nominated.

It is true that in *Thiemann v. Allen,* supra, while interpreting 42 Pa.C.S.A. § 3133 (1978) which provided for limited voting for the offices of judge of the Commonwealth Court, we said the term "election" includes the "primary" election. But the basis for this ruling was 25 P.S. § 2602(f) which specifically defines "election" as "any general, municipal, special or primary election, unless otherwise specified." Appellant's reasoning that the term "election" is so inextricably tied to the term "elected" so that "elected" includes "nominated" ignores the statutory basis relied on in *Thiemann v. Allen,* supra. Indeed, appellant's interpretation of the term "elected" is contrary to the statutory scheme of 25 P.S. §§ 2601 *et seq.* which generally distinguishes between being "nominated" at a "primary" election and being "elected" at a "municipal" or "general" election. See, e. g., 25 P.S. §§ 2602(r), 2753, 2862, 2863, 2882, 3154.

Furthermore, while art. 9, § 4 of the Pennsylvania Constitution of 1968 does not expressly limit the number of nominees, historically a limitation on the number of persons an elector may vote for has been understood as a limitation on the number of candidates a party may nominate. *Thiemann v. Allen,* supra, 485 Pa. at 436, 402 A.2d at 1351; *Musmanno v. Lawrence,* 24 Pa.D. & C. 93, 99–100 (Dauphin 1935) (the court sitting as what is now the Commonwealth Court). To adopt appellant's position would be contrary to this historical approach. Moreover, since Pa.Const. art. 9, § 4 (1968)

was recently adopted, since it is similar to Pa.Const. art. 14, § 7 (1874), and since the historical implementation of Pa. Const. art. 14, § 7 (1874) resulted in only as many nominees as the number of persons an elector could vote for, the framers must have intended to continue that practice with the adoption of Pa.Const. art. 9, § 4 (1968).

Finally, as Judge Louik of the Court of Common Pleas pointed out, were we to adopt appellant's position, we would, as a practical matter,[2] have to abolish straight party voting as provided for at 25 P.S. §§ 2963(f) and 3007(b). Our interpretation avoids any conflict between the constitutional and statutory provisions.

Hence, we reject appellant's position and rule that Pa. Const. art. 9, § 4 limits the number of candidates a party may nominate for the offices of county commissioner to the number of persons each elector may vote for. Cf. *Thiemann v. Allen*, supra; *Musmanno v. Lawrence*, supra.

■ We need address only one other argument advanced by appellant. He argues the interpretation we now adopt will render Pa.Const. art. 9, § 4 (1968) violative of the federal constitution because the provision will now serve as "a practical guarantee, ipso jure, of minority party representation." Appellant concedes that, if Pa.Const. art. 9, § 4 (1968) merely encourages minority representation rather than guarantees it, the provision would not be violative of the federal constitution. As pointed out in *Commonwealth ex rel. Teller v. Jennings*, 409 Pa. 513, 516 n. 2, 186 A.2d 916 n. 2 (1963), Pa.Const. art. 9, § 4 (1968) merely encourages minority representation because, inter alia, "a write-in candidate can be elected as the third commissioner although he is also a member of the party which elects its two slated candidates." Hence, the argument is without merit.

MANDERINO, J., participated in this decision, but did not participate in the consideration of this opinion.

2. See *Thiemann v. Allen*, supra 485 Pa. at 437 n. 3, 402 A.2d at 1351 n. 3.