533 A.2d 1083

Committee of Seventy, et al. *v.* City Commissioners of the City of Philadelphia, et al. Democratic City Committee, Appellant.

206

Argued October 7, 1987, before President Judge
CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY,
COLINS and PALLADINO.

*Pamela P. Cohen*, with her, *Isadore A. Shrager*, for
appellant.

*Thomas A. Allen, White and Williams*, for appellee,
Committee of Seventy, et al.

*Ralph J. Teti*, Chief Deputy City Solicitor, for ap-
pellee, City Commissioners of the City of Philadelphia,
et al.

OPINION BY JUDGE MACPHAIL, November 20, 1987:

The Democratic City Committee (Appellant) of Philadelphia appeals here from an order of the Court of Common Pleas of Philadelphia County which over-ruled, in part, post-trial exceptions filed by Appellant to the trial court's order of November 28, 1986. We affirm.[1]

In its order of November 28, 1986, the court directed the City Commissioners of the City of Philadelphia (Commissioners) to realign the election districts, called divisions, in the City of Philadelphia. That order was entered in response to a Complaint in Equity filed in 1979 by the Committee of Seventy and others against the Commissioners and others.

Since 1984, the Commissioners have undertaken a city-wide division realignment plan and, from the Commissioners' brief and from information elicited by the Court from counsel at oral argument, we have ascertained that a substantial part of the realignment is already complete. The Commissioners filed no exceptions to the trial court's order of November 28, 1986. At oral argument before this Court on the matter now under consideration, the Commissioners appeared as Appellees and advised the Court that they have completed nearly half of the realignment of the divisions within the City and do not oppose the implementation of the court-ordered realignment as that order was subsequently modified by this Court. They point out that they have devoted "substantial resources" to carrying out the terms of the trial court's order.

In 1985, Appellant was granted leave to intervene in the proceedings whereupon it filed preliminary objections which, *inter alia,* challenged the jurisdiction of the

---

[1] This opinion is filed in support of this Court's order filed October 9, 1987.

trial court. A similar challenge to jurisdiction was made by the Commissioners in 1979. Both the Commissioners' and Appellant's challenge to the trial court's jurisdiction was based upon the provisions of Sections 503 and 504 of the Pennsylvania Election Code (Code), Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§2703 and 2704, which state that redistricting is to be initiated either by a petition of twenty registered electors within the district or by the County Board of Elections, in this instance, the Commissioners. In the matter now before us, the trial court acted on a Complaint in Equity filed principally by the Committee of Seventy. As the trial court has observed, however, whatever defect may have existed in the proceedings initially has been cured by the Commissioners' withdrawal of their previous opposition to the proceedings and their subsequent voluntary implementation of the court's order. In its brief, the Appellant concludes its argument on this point by stating, "In sum, there is simply no basis in the Code for realignment to occur in a manner which does not require the concurrence of the City Commissioners." The easy response to that argument is that the Commissioners have concurred in the realignment since 1984.

While not mentioned by the trial court in its opinion, we would note that the Appellant's jurisdictional challenge also would be barred by the doctrine of collateral estoppel, inasmuch as the court had previously ruled on the same issue. *See McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973).

Appellant's remaining arguments require little attention. Our review of the record satisfies us that the notice requirements of the Code were fully satisfied and that the trial court made every effort to assure that all interested parties were given the opportunity to be heard. We likewise agree with the trial court that the

use of registration figures for the 1984 March Primary, as a basis for the revision of the election district boundaries, was appropriate inasmuch as those figures were the latest then available to the court when it directed the Commissioners to investigate and implement a realignment plan. Inasmuch as registration rolls are in a constant state of flux, it was necessary for both the court and the Commissioners to have a fixed set of figures with which to work.

Our scope of review with respect to the merits of the plan approved by the court is severely circumscribed. *In re Boggs Township,* 112 Pa. 145, 5 A. 224 (1886). Appellant suggests that its plan was better than the trial court's. While the court's plan may not be perfect, we are of the opinion that where the trial court has made a conscientious effort with the cooperation and investigative help of the Commissioners to produce a plan which conforms most nearly with the requirements of Section 2702 of the Code, 25 P.S. §2702, we should not disturb it.

### ORDER

The order of the Court of Common Pleas of Philadelphia County as previously modified by this Court is affirmed and the appeal of the Democratic City Committee is dismissed.