557 A.2d 59

In Re: Petition for Redistricting Voting Districts of Ross Township. Ross Township Republican Committee et al., Appellants.

Argued October 5, 1988, before Judges CRAIG, DOYLE, BARRY, COLINS, PALLADINO, MCGINLEY and SMITH.

*Robert L. Byer, Eckert, Seamans, Cherin & Mellott,* for appellants.

*Allen J. Opsitnick,* Assistant County Solicitor, with him, *James J. Dodaro,* County Solicitor, for appellee.

OPINION BY JUDGE SMITH, April 17, 1989:

Appellants appeal from an order entered by the Court of Common Pleas of Allegheny County on January 5, 1988 in which the trial court directed that Ross Township be divided into thirty-six election districts and that the districts be established for use in the April 26, 1988 general primary election and thereafter.

On December 7, 1987, the Allegheny County Board of Elections filed a petition to realign the Ross Township election districts pursuant to Section 502 of the Pennsylvania Election Code (Code), Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2702.[1] The petition filed with the trial court requested a restructuring of the current twenty-three election districts of Ross Township into thirty-six election districts for the convenience of voters and consideration of costs to maintain election administration.

Appellants filed their objections to the petition for realignment on the basis that a majority of the proposed districts had fewer than 600 registered voters contrary to standards set forth in Section 502 of the Code. Appellants further objected on the ground that the proposed divi-

---

[1] Section 502 states in pertinent part that: "Election districts so formed shall contain between six hundred (600) and eight hundred (800) registered voters as nearly as may be. No election district shall be formed that shall contain less than one hundred (100) registered electors."

sions were not based upon current or 1987 voter registration figures but were instead based upon 1986 voter registration records. After hearing conducted by the trial court on December 29, 1987, the subject order was entered granting the petition of the Board of Elections and directing realignment of Ross Township's election districts.

Appellants appealed to this Court contending that the trial court erred in forming election districts in a township where most of the election districts formed contained fewer than 600 voters and further erred in forming the new election districts on the basis of 1986 voter registration statistics where such records were available for 1987 and indicated a decline in voter registration. These issues were likewise presented to the trial court which determined that testimony developed at hearing demonstrated that the proposed divisions were consistent with Section 502 of the Code in that the primary purpose of the legislation would be implemented, *i.e.,* creation of more polling places with fewer voters which would promote greater convenience to the public and a higher degree of public involvement.

The standard to be applied by the trial court in acting upon a petition for realignment is the promotion of "the convenience of electors and the public interest." Section 504 of the Code, 25 P.S. §2704; *In Re: Alignment of Election Districts,* 458 Pa. 607, 327 A.2d 56 (1974). A review of this matter demonstrates that the trial court took into consideration, *inter alia,* factors pertaining to expenditure to maintain election administration, topography of Ross Township, and cyclical nature of voter turnout in Allegheny County as well as convenience to the electorate in approving a realignment plan which created twelve election districts of 600 or more voters and twenty-four election districts comprised of no more than 600 and no less than 450 voters. This Court has previously

reviewed voter realignment plans and has indicated that a realignment plan will not be disturbed on appeal where the trial court has acted in conformity with Section 2702 of the Code. *Committee of Seventy v. City Commissioners of the City of Philadelphia,* 111 Pa. Commonwealth Ct. 205, 533 A.2d 1083 (1987). Accordingly, this Court finds no abuse of discretion nor error of law committed by the trial court in ordering the Ross Township realignment.

As the only issues presented by Appellants have been properly disposed of in the trial court's opinion, this Court will affirm the trial court on the basis of the opinion issued by Judge RALPH J. CAPPY in the matter of *In Re: Petition for Redistricting Voting Districts of Ross Township, Ross Township Republican Committee et al.,* Pa. D. & C. 3d     (No. GD 87-21023, Civil Division, filed February 22, 1988).

ORDER

AND NOW, this 17th day of April, 1989, the order of the Court of Common Pleas of Allegheny County is affirmed.