**Robert W. ROSEMAN, Plaintiff,**

v.

**The COUNTY OF CAMBRIA; and Kathy L. Holtzman and Mark J. Wissinger, Cambria County Commissioners, Defendants.**

Civ. A. No. 92–597J.

United States District Court,
W.D. Pennsylvania.

Sept. 8, 1993.

Stephen D. Wicks, Altoona, PA, for plaintiff.

Bryan B. Campbell, Israel and Wood, Pittsburgh, PA, for defendant.

## MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

Plaintiff Robert Roseman, formerly the Clerk of Cambria County, has filed a complaint seeking money damages [1] from Cambria County and two of its commissioners, alleging that the defendant commissioners' politically-motivated decision to replace him violates the *Elrod –Branti —Rutan* doctrine. *See Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). Before the Court is defendants' motion to dismiss which asserts that, even if true, plaintiff's allegations do not constitute a cause of action. Fed.R.Civ.P. 12(b)(6).

Accepting plaintiff Roseman's allegations as true, *see Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991), Roseman was hired as the Clerk on December 16, 1985, and held that position until January 6, 1992. In the 1991 elections, two Republicans, defendants Kathy G. Holtzman and Mark J. Wissinger, were elected as commissioners.[2] Immediately upon assuming office on January 6, 1992, *see* 16 P.S. § 502, the Republican commissioners replaced Roseman, a Democrat, with Michael J. Gelles, a Republican, solely on the basis of political affiliation.

 Analysis of *Elrod–Branti–Rutan* claims proceeds sequentially. At the motion to dismiss stage, inquiry is limited to examination of "the function[s] of the public office in question and not the actual past duties of the particular employee involved." *Waskovich v. Morgano,* 2 F.3d 1292, 1297 (3d Cir. 1993), *quoting Brown v. Trench,* 787 F.2d 167, 168 (3d Cir.1986). *Accord, Pounds v. Griepenstroh,* 970 F.2d 338, 341 (7th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1256, 122 L.Ed.2d 654 (1993). Where the nature of the office cannot be ascertained simply by examining the law, it may be necessary at the summary judgment stage to examine the functions actually performed by individuals occupying the relevant position. *Waskovich* at 1297. At both stages, the dispositive issue is whether the defendants can demonstrate that the position is one for which political affiliation is an appropriate requirement for effective performance. *Rutan,* 497 U.S. at 64, 110 S.Ct. at 2731.

 There is copious precedent in this circuit which provides guidance for analysis of the position of chief clerk. *See Waskovich* (director of veterans' agency); *Zold v. Township of Mantua,* 935 F.2d 633 (3d Cir.1991) (deputy township clerk); *Furlong v. Gudknecht,* 808 F.2d 233 (3d Cir.1986) (second deputy recorder of deeds); *Brown,* (assistant director of public information); *Mummau v. Ranck,* 687 F.2d 9 (3d Cir.1982) (per curiam) (assistant district attorney); *Ness v. Marshall,* 660 F.2d 517 (3d Cir.1981) (city solicitor and assistant city solicitor); *see also Savarese v. Agriss,* 883 F.2d 1194 (3d Cir.1989) (director of county transportation authority). Recent precedent from Cambria County itself is available. *Burns v. County of Cambria,* 971 F.2d 1015 (3d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993) (deputy sheriffs); *see also Lee v. Wojnaroski,* 751 F.Supp. 58 (W.D.Pa. 1990) (deputy city controller). The decisions from other circuits are too numerous to list,

---

1. Plaintiff seeks compensatory damages from the county and from the commissioners. Plaintiff also seeks punitive damages, available only from the commissioners in their individual capacities. *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Plaintiff does not seek reinstatement.

2. Under Article IX, Section 4 of the Pennsylvania Constitution of 1968, each county will normally have two majority party commissioners and one minority party commissioner. *See Coon v. Allegheny County Board of Elections,* 488 Pa. 97, 410

A.2d 1243 (1980). Prior to 1992, Cambria County had one Republican commissioner (Holtzman) and two Democratic commissioners (Joseph Roberts and Ron Stephenson). One of defendant Wissinger's factual defenses, which cannot be reached at this stage of the proceedings, is that Roseman was actually replaced by Gelles and transferred to the Office of the Recorder of Deeds by the vote of one Democratic commissioner (Roberts) and one Republican commissioner (Holtzman) during the January 2, 1992 final meeting of the previous board of commissioners.

as are the precedents in the closely related line of cases involving employment and discharge on the basis of political speech. *See e.g. Kinsey v. Salado Independent School District,* 950 F.2d 988 (5th Cir.1992) (en banc) (school district superintendent). *See generally Burns,* 971 F.2d at 1022, *citing* Martin, *A Decade of Branti Decisions* 39 Am.U.L.Rev. 11 (1989).

Although formerly the post was an elected office in some counties, *see* legislative history to 16 P.S. § 7324, at least since the Act of August 9, 1955, P.L. 323, the chief clerk of all third through eighth class counties are appointed by a majority of the board of commissioners, 16 P.S. § 520, and serve at the pleasure of the board. 16 P.S. § 450(b). The legislative codification of the duties of the county clerk is scanty. *See* 16 P.S. § 521 (applicable to third through eighth class counties); *see also id.,* § 3521 (second class counties); *id.,* § 7323 (first class counties), each of which provide that the clerk shall keep the books and the accounts of the commissioners, administer oaths, and, tautologically, "perform all other duties pertaining to his office as chief clerk." Little light is shed on what those unenumerated "other duties" are in the few other sections of the county code which mention the clerk's dealings with the office of commissioner: Section 504(b) requires all county documents that are to be executed by the commissioners also be attested and sealed by the clerk, while Section 505 provides that county records certified by the clerk shall be received into evidence in court.

The Pennsylvania Supreme Court, however, has expounded on the nature of the office of the county clerk in *Koontz v. Franklin County,* 76 Pa. 154 (1874). In overturning the actions of a board of commissioners which at its first meeting in February 1871 appointed a clerk for a period extending to April 1872, Justice Gordon described the Clerk as "an important confidential servant" intended by the law to be "the exponent of the will of the commissioners," who is "not merely skilful in the performance of his duties but who also enjoys the confidence of his employers." 76 Pa. at 156. Under *Waskovich, Burns* and *Rutan,* those descriptions of the nature of the post under state law are well-nigh conclusive in establishing the appropriateness of political affiliation for the post. *See Waskovich* at 1297, *quoting Zold,* 935 F.2d at 640.

But, plaintiff alleges, as a matter of fact the duties of the clerk in Cambria County are not confidential or political in nature, but rather clerical. Even assuming that to be the case,[3] the past practice of county commissioners does not bar the defendant commissioners, or future commissioners, from employing the Clerk in a confidential capacity or in a political role, *Waskovich* at 1298, *quoting Ness,* 660 F.2d at 521, 522. If the county commissioners could not, under state law, make the position of clerk a political post, as the county sheriff clearly could not make deputy sheriff's political operatives, *see Burns,* 971 F.2d at 1022, plaintiff's argument would have some force. But the indefiniteness and therefore potential breadth of the "other powers" granted to the Clerk by the County Code, together with the long-unquestioned precedent of *Koontz* that conceives of the chief clerk as the "exponent of the will" of the commissioners mandates dismissal of his claim that political affiliation is an impermissible basis to select a clerk.

Judgment is entered for the defendants. The Clerk shall mark this matter closed.

---

**3.** It is almost a matter for judicial notice that the county clerk acts in a capacity equivalent to the chief executive officer to the board of commissioners. In a real sense, the clerk is the executive branch of the county government in Pennsylvania's smaller counties.